In the Interest of J.S.L., a child

















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-022-CV

IN THE INTEREST OF J.S.L., A CHILD

 

From the 170th District Court
McLennan County, Texas
Trial Court # 97-1102-4
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Appellant Don Lanier was determined to be the father of J.S.L. by a default order. Lanier
filed a notice of restricted appeal. After the filing of the notice, the Office of the Attorney General
(“AG's Office”) agreed to permit Lanier to submit to paternity testing. The laboratory results
state that Lanier “cannot be the biological father” of J.S.L.
      Lanier filed a “Joint Motion to Reverse and Remand,” asking us to reverse and remand for
the trial court to vacate the judgment. Although the joint motion only contained the signature of
Lanier's counsel, the AG's Office has filed a notice that it agrees that the cause should be reversed
and remanded.


 
      We therefore reverse the judgment and remand to the trial court for further proceedings.
 
PER CURIAM

Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Reversed and remanded
Opinion delivered and filed June 3, 1998
Do not publish



anted Martinez to go to prison and that his counsel wanted Martinez
to be placed on deferred adjudication probation. Martinez understood why he was again in court.
      The trial court then heard punishment testimony. The State called the mothers of the victims
as witnesses. One, the wife of Martinez’s brother Oscar, testified that she did not want Martinez
to be placed on probation. The three victims testified in the trial judge’s chambers. Two testified
that they did not want Martinez to be placed on probation. The other victim did not think that
placing Martinez on probation would serve as any protection. Martinez’s two sisters, Rosa and
Leticia, testified that Martinez ought to be given a second chance and be placed on probation with
counseling as a condition. Martinez took the stand and asked the court for probation and for
counseling.
Conclusion
      After reviewing the record, we find that Martinez did not sustain his burden by showing that
his plea was involuntary due to the ineffectiveness of counsel. The trial court was not bound to
accept Martinez’s testimony at the motion for new trial hearing as true. Therefore, the trial court
did not abuse its discretion in denying his motion for new trial. Martinez’s two issues are
overruled.
      The trial court’s judgment is affirmed.
 
                                                                         TOM GRAY
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed March 7, 2001
Do not publish